1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   JAY H. ROBINSON (California Bar No. 230015)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-4138
7       Facsimile: (213) 894-0141
        E-mail: jay.robinson@usdoj.gov
8
9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
10
11              UNITED STATES DISTRICT COURT
12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,      ) CR No. 10-00299-MMM
                                   )
14             Plaintiff,          ) PLEA AGREEMENT FOR DEFENDANT
                                   ) HOVSEP HOVSEPYAN
15        v.                       )
                                   )
16  SAAK AVAKYANTS,                )
    VAHE MANUKYAN,                 )
17  HOVSEP HOVSEPYAN,              )
    HAYRAPET AVETISYAN, and        )
18  SERGEY MKRTYCHYAN.             )
                                   )
19             Defendants.         )
20
21      1.  This constitutes the plea agreement between HOVSEP

22  HOVSEPYAN ("defendant") and the United States Attorney's Office

23  for the Central District of California ("the USAO") in the above-

24  captioned case.  This agreement is limited to the USAO and cannot

25  bind any other federal, state, local, or foreign prosecuting,

26  enforcement, administrative, or regulatory authorities.

27  //

28  //

<u>DEFENDANT'S OBLIGATIONS</u>

2.  Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Counts Twelve and Twenty of the indictment in <u>United States v. SAAK AVAKYANTS, VAHE MANUKYAN, HOVSEP HOVSEPYAN, HAYRAPET AVETISYAN, and SERGEY MKRTYCHYAN</u>, CR No. 10-00299-MMM.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

h) Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

//

1

## THE USAO'S OBLIGATIONS

2      3.   The USAO agrees to:

3           a) Not contest facts agreed to in this agreement.

4           b) Abide by all agreements regarding sentencing factors

5    contained in this agreement.

6           c) At the time of sentencing, move to dismiss the

7    remaining counts of the indictment as against defendant.

8    Defendant agrees, however, that at the time of sentencing the

9    Court may consider the dismissed counts in determining the

10   applicable Sentencing Guidelines range, the propriety and extent

11   of any departure from that range, and the sentence to be imposed

12   after consideration of the Sentencing Guidelines and all other

13   relevant factors under 18 U.S.C. § 3553(a).

14          d) At the time of sentencing, provided that defendant

15   demonstrates an acceptance of responsibility for the offenses up

16   to and including the time of sentencing, recommend a two-level

17   reduction in the applicable Sentencing Guidelines offense level,

18   pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,

19   move for an additional one-level reduction if available under

20   that section.

21          e) With respect to Counts Twelve and Twenty, recommend

22   that defendant be sentenced to a term of imprisonment no higher

23   than the low end of the applicable Sentencing Guidelines range,

24   provided that the offense level used by the Court to determine

25   that range is 10 or higher and provided that the Court does not

26   depart downward in offense level or criminal history category.

27   For purposes of this agreement, the low end of the Sentencing

28

1   Guidelines range is that defined by the Sentencing Table in
2   U.S.S.G. Chapter 5, Part A, without regard to reductions in the
3   term of imprisonment that may be permissible through the
4   substitution of community confinement or home detention as a
5   result of the offense level falling within Zone B or Zone C of
6   the Sentencing Table.

7                        <u>NATURE OF THE OFFENSES</u>

8        4.   Defendant understands that for defendant to be guilty of
9   the crime charged in Count Twelve, a violation of Title 18,
10  United States Code, Section 1029(a)(1), the following must be
11  true: (1) defendant knowingly used a counterfeit access device;
12  (2) defendant acted with intent to defraud; and (3) defendant's
13  conduct in some way affected commerce between one state and
14  another state, or between a state or the United States and a
15  foreign country.  Defendant admits that defendant is, in fact,
16  guilty of this offense as described in Count Twelve of the
17  indictment.

18       5.   Defendant understands that for defendant to be guilty
19  of the crime charged in Count Twenty, a violation of Title 49,
20  United States Code, Section 5124, the following must be true: (1)
21  defendant violated a regulation promulgated by the United States
22  Department of Transportation ("USDOT") relating to hazardous
23  materials; and (2) defendant acted willfully or recklessly.
24  Defendant admits that defendant is, in fact, guilty of this
25  offense as described in Count Twenty of the indictment.
26  //
27  //

28

                                    4

## PENALTIES AND RESTITUTION

6.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1029(a)(1), is: 10 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 49, United States Code, Section 5124, is: five years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.  Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 15 years imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

9.  Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the counts to which defendant is pleading guilty and may include losses arising from

counts dismissed pursuant to this agreement as well as all relevant conduct in connection with those counts.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirments. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

1    12.   Defendant understands that, if defendant is not a

2 United States citizen, the felony conviction in this case may

3 subject defendant to removal, also known as deportation, which

4 may, under some circumstances, be mandatory.  The court cannot,

5 and defendant's attorney also may not be able to, advise

6 defendant fully regarding the immigration consequences of the

7 felony conviction in this case.  Defendant understands that by

8 entering a guilty plea defendant waives any claim that unexpected

9 immigration consequences may render defendant's guilty plea

10 invalid.

11                         FACTUAL BASIS

12    13.   Defendant and the USAO agree to the statement of facts

13 provided below.  Defendant and the USAO agree that this statement

14 of facts is sufficient to support pleas of guilty to the charges

15 described in this agreement and to establish the Sentencing

16 Guidelines factors set forth in paragraph 15 below but is not

17 meant to be a complete recitation of all facts relevant to the

18 underlying criminal conduct or all facts known to either party

19 that relate to that conduct.

20    On January 5, 2010, defendant and co-conspirator SAAK

21 AVAKYANTS ("AVAKYANTS") drove one of AVAKYANTS' privately-owned

22 vans to a gas station located in Woodland Hills, California,

23 within the Central District of California.  AVAKYANTS' van,

24 moreover, contained a large, concealed, interior gasoline storage

25 tank that attached to the van's external gas cap.  Defendant then

26 knowingly used a fraudulent Washington Mutual credit card, with

27 an account number ending in 2431, to buy gasoline from the

28

7

1   Woodland Hills gas station.  After filling the van's concealed,
2   interior gas tank, defendant and AVAKYANTS drove away from the
3   Woodland Hills gas station.  Defendant and AVAKYANTS then
4   willfully and recklessly transported the gasoline, which is a
5   hazardous material as defined by 49 C.F.R. §§ 172.101 and
6   173.120(a), to a different gas station located in Sylmar,
7   California, within the Central District of California.  While
8   transporting the gasoline, furthermore, neither defendant nor
9   AVAKYANTS displayed placards on AVAKYANTS' van that identified
10  the gasoline as either "flammable" or "flammable gas" in
11  violation of regulations promulgated under the Hazardous
12  Materials Transportation Act ("HTMA"), Title 49, Code of Federal
13  Regulations, Part 172.500 et seq.

14      At all times relative to this agreement, defendant admits
15  that he acted with the intent to defraud and his conduct affected
16  interstate commerce.

17                         SENTENCING FACTORS

18      14.  Defendant understands that in determining defendant's
19  sentence the Court is required to consider the factors set forth
20  in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence
21  and sentencing range established under the Sentencing Guidelines.
22  Defendant understands that the Sentencing Guidelines are advisory
23  only, that defendant cannot have any expectation of receiving a
24  sentence within the Sentencing Guidelines range, and that after
25  considering the Sentencing Guidelines and the other § 3553(a)
26  factors, the Court will be free to exercise its discretion to

27

28

impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

15.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level (Count Twelve) | : | 6 | [U.S.S.G. § 2B1.1(a)(2)] |
| Base Offense Level (Count Twenty) | : | 8 | [U.S.S.G. § 2Q1.2(a)] |
| 49 U.S.C. § 5124 Conviction | : | +2 | [U.S.S.G. § 2Q1.2(b)(7)] |
| Combined Offense Level | : | +2 | [U.S.S.G. § 3D1.4(a)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate including that the government will argue for an enhancement for the Amount of Loss under U.S.S.G. § 2B1.1(b)(1). Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

16.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

1                    WAIVER OF CONSTITUTIONAL RIGHTS

2        18.  Defendant understands that by pleading guilty,

3  defendant gives up the following rights:

4              a) The right to persist in a plea of not guilty.

5              b) The right to a speedy and public trial by jury.

6              c) The right to the assistance of an attorney at trial,

7  including the right to have the Court appoint an attorney to

8  represent defendant at trial.  Defendant understands, however,

9  that, despite defendant's guilty pleas, defendant retains the

10 right to be represented by an attorney -- and, if necessary, to

11 have the Court appoint an attorney if defendant cannot afford one

12 -- at every other stage of the proceeding.

13             d) The right to be presumed innocent and to have the

14 burden of proof placed on the government to prove defendant

15 guilty beyond a reasonable doubt.

16             e) The right to confront and cross-examine witnesses

17 against defendant.

18             f) The right to testify on defendant's own behalf and

19 present evidence in opposition to the charges, including calling

20 witnesses and subpoenaing those witnesses to testify.

21             g) The right not to be compelled to testify, and, if

22 defendant chose not to testify or present evidence, to have that

23 choice not be used against defendant.

24             h) Any and all rights to pursue any affirmative

25 defenses, Fourth Amendment or Fifth Amendment claims, and other

26 pretrial motions that have been filed or could be filed.

27 //

28

                                  10

1                        WAIVER OF DNA TESTING

2          19.   Defendant has been advised that the government has in

3    its possession items of physical evidence that could be subjected

4    to DNA testing.  Defendant understands that the government does

5    not intend to conduct DNA testing of any of these items.

6    Defendant understands: (a) before entering guilty pleas pursuant

7    to this agreement, defendant could request DNA testing of

8    evidence in this case; and (b) with respect to the offenses to

9    which defendant is pleading guilty pursuant to this agreement,

10   defendant would have the right to request DNA testing of evidence

11   after conviction under the conditions specified in 18 U.S.C.

12   § 3600.  Knowing and understanding defendant's right to request

13   DNA testing, defendant voluntarily gives up that right with

14   respect to any items of evidence there may be in this case that

15   might be subject to DNA testing.  Defendant understands that by

16   giving up this right: (a) defendant is giving up any ability to

17   request DNA testing of evidence in this case in the current

18   proceeding, in any proceeding after conviction under 18 U.S.C.

19   § 3600, and in any other proceeding of any type; and

20   (b) defendant will never have another opportunity to have the

21   evidence in this case submitted for DNA testing, and will never

22   have an opportunity to employ the results of DNA testing to

23   support a claim that defendant is innocent of the offenses to

24   which defendant is pleading guilty.

25                  WAIVER OF APPEAL OF CONVICTION

26        20. Defendant understands that, with the exception of an

27   appeal based on a claim that defendant's guilty pleas were

28

                                 11

1  involuntary, by pleading guilty defendant is waiving and giving
2  up any right to appeal defendant's convictions on the offenses to
3  which defendant is pleading guilty.

4                 LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

5       21. Defendant agrees that, provided the Court imposes a
6  total term of imprisonment on all counts of conviction of no more
7  than 12 months, defendant gives up the right to appeal all of the
8  following: (a) the procedures and calculations used to determine
9  and impose any portion of the sentence; (b) the term of
10 imprisonment imposed by the Court; (c) the fine imposed by the
11 court, provided it is within the statutory maximum; (d) the term
12 of probation or supervised release imposed by the Court, provided
13 it is within the statutory maximum; and (e) any of the following
14 conditions of probation or supervised release imposed by the
15 Court: the standard conditions set forth in General Orders 318,
16 01-05, and/or 05-02 of this Court; the drug testing conditions
17 mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol
18 and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and
19 any conditions of probation or supervised release agreed to by
20 defendant in paragraph 2 above.

21      22. The USAO agrees that, provided (a) all portions of the
22 sentence are at or below the statutory maximum specified above
23 and (b) the Court imposes a term of imprisonment of no less than
24 6 months, the USAO gives up its right to appeal any portion of
25 the sentence, with the exception that the USAO reserves the right
26 to appeal the amount of restitution ordered.
27 //

28
                                    12

1          RESULT OF WITHDRAWAL OF GUILTY PLEA

2          23.  Defendant agrees that if, after entering guilty pleas

3     pursuant to this agreement, defendant seeks to withdraw and

4     succeeds in withdrawing defendant's guilty pleas on any basis

5     other than a claim and finding that entry into this plea

6     agreement was involuntary, then (a) the USAO will be relieved of

7     all of its obligations under this agreement; and (b) should the

8     USAO choose to pursue any charge that was either dismissed or not

9     filed as a result of this agreement, then (i) any applicable

10    statute of limitations will be tolled between the date of

11    defendant's signing of this agreement and the filing commencing

12    any such action; and (ii) defendant waives and gives up all

13    defenses based on the statute of limitations, any claim of pre-

14    indictment delay, or any speedy trial claim with respect to any

15    such action, except to the extent that such defenses existed as

16    of the date of defendant's signing this agreement.

17          RESULT OF VACATUR, REVERSAL OR SET-ASIDE

18          24.  Defendant agrees that if, after entering guilty pleas

19    pursuant to this agreement, defendant seeks to withdraw and

20    succeeds in withdrawing defendant's guilty pleas on any basis

21    other than a claim and finding that entry into this plea

22    agreement was involuntary, then (a) the USAO will be relieved of

23    all of its obligations under this agreement; and (b) should the

24    USAO choose to pursue any charge that was either dismissed or not

25    filed as a result of this agreement, then (i) any applicable

26    statute of limitations will be tolled between the date of

27    defendant's signing of this agreement and the filing commencing

28

13

1   any such action; and (ii) defendant waives and gives up all

2   defenses based on the statute of limitations, any claim of pre-

3   indictment delay, or any speedy trial claim with respect to any

4   such action, except to the extent that such defenses existed as

5   of the date of defendant's signing this agreement.

6                    EFFECTIVE DATE OF AGREEMENT

7        25.  This agreement is effective upon signature and

8   execution of all required certifications by defendant,

9   defendant's counsel, and an Assistant United States Attorney.

10                     BREACH OF AGREEMENT

11       26.  Defendant agrees that if defendant, at any time after

12  the signature of this agreement and execution of all required

13  certifications by defendant, defendant's counsel, and an

14  Assistant United States Attorney, knowingly violates or fails to

15  perform any of defendant's obligations under this agreement ("a

16  breach"), the USAO may declare this agreement breached.  All of

17  defendant's obligations are material, a single breach of this

18  agreement is sufficient for the USAO to declare a breach, and

19  defendant shall not be deemed to have cured a breach without the

20  express agreement of the USAO in writing.  If the USAO declares

21  this agreement breached, and the Court finds such a breach to

22  have occurred, then: (a) if defendant has previously entered

23  guilty pleas pursuant to this agreement, defendant will not be

24  able to withdraw the guilty pleas, and (b) the USAO will be

25  relieved of all its obligations under this agreement.

26       27.  Following the Court's finding of a knowing breach of

27  this agreement by defendant, should the USAO choose to pursue any

28

charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND PROBATION OFFICE NOT PARTIES

28.  Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.   While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one –- not the prosecutor, defendant's attorney, or the Court –- can make a binding prediction or promise regarding the sentence defendant

//
//
//

16

1   will receive, except that it will be within the statutory
2   maximum.

3                    NO ADDITIONAL AGREEMENTS

4       31.  Defendant understands that, except as set forth herein,
5   there are no promises, understandings, or agreements between the
6   USAO and defendant or defendant's attorney, and that no
7   additional promise, understanding, or agreement may be entered
8   into unless in a writing signed by all parties or on the record
9   in court.

10       PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

11      32.  The parties agree that this agreement will be
12   considered part of the record of defendant's guilty plea hearing
13   as if the entire agreement had been read into the record of the
14   proceeding.

15   AGREED AND ACCEPTED

16   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
17
     ANDRÉ BIROTTE JR.
18   United States Attorney

19

20   _____        8/23/2010
     JAY H. ROBINSON                         Date
21   Assistant United States Attorney

22

23   _____        8-23-10
     HOVSEP HOVSEPYAN                        Date
24   Defendant

25

26   _____        8/23/10
     AKOP BALTAYAN                           Date
27   Attorney for Defendant
     HOVSEP HOVSEPYAN
28

                              17

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  This agreement has been read to me in Armenian, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          8-23-10
HOVSEP HOVSEPYAN                          Date
Defendant

18

1        CERTIFICATION OF INTERPRETER

2    I, *Gayane V Magarian* am fluent in the written and

3  spoken English and Armenian languages.  I accurately translated

4  this entire agreement from English into Armenian to defendant

5  HOVSEP HOVSEPYAN on this date.

6

7  _____          8-23-10
                                     _____
8  Interpreter                      Date

19

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am HOVSEP HOVSEPYAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____          _____8/2-3/10_____

AKOP BALTAYAN                       Date
Attorney for Defendant
HOVSEP HOVSEPYAN

20